UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

J.W.M. (XXX-XX-5159)                  CIVIL ACTION NO. 08-cv-0814

VERSUS

U.S. COMMISSIONER SOCIAL        MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

Plaintiff applied for disability benefits based primarily on a claim that he cannot work because of back problems. The ALJ conducted a hearing and issued a written decision that analyzed the claim in accordance with the five-step sequential analysis. He determined that Plaintiff had the following severe impairments: hypertension, hypothyroidism secondary to therapy for Grave's disease, and degenerative disc disease of the lumbar spine. He reviewed at length Plaintiff's medical records related to the care and treatment of those conditions, and he found that Plaintiff had the residual functional capacity to perform light work activity, subject to some postural limitations. That precluded Plaintiff from performing any of his past relevant work in the medium to heavy range, but a vocational expert identified jobs such as companion, gate guard, or small parts assembler that Plaintiff could perform. The ALJ accepted that testimony and found at step five that Plaintiff was not disabled.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and

the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment.

Plaintiff argues on appeal that: (1) the ALJ erred when he did not include in his hypothetical question to the VE a need for an ergonomically designed chair, the need to sit periodically, or the use of a cane; (2) the ALJ erred in refusing to consider the finding of the Veteran's Administration that Plaintiff is entitled to disability benefits; and (3) the ALJ did not fully assess the effect of Plaintiff's pain and the side effects of his pain medications. The court need only address the second issue, regarding the VA finding of disability, as it requires reversal and remand for further proceedings.

Plaintiff testified at his hearing that he has "a pension" through the VA. Tr. 471. The ALJ noted in his written decision, when summarizing the testimony, that Plaintiff "reported he received a Veteran's pension within the past year." Tr. 24. The only other mention of this issue in the written decision is the following:

> The claimant testified that he received a Veteran's pension for the past year. In this connection, [20 C.F.R. § 404.1504] provides that a decision by any non-government agency or any governmental agency that an individual is disabled/ unemployable is based on its rules. The Social Security Administration must make a determination of disability based on Social Security Law. Therefore, a determination by another agency that a claimant is disabled is not binding on this Administration.

Tr. 27.

The ALJ is correct that the regulation states that a decision by another governmental agency is not binding. There is, however, jurisprudence from the Fifth Circuit Court of

Appeals that requires some consideration of a VA rating of disability. The current law is summarized in the following passage from <u>Chambliss v. Massanari</u>, 269 F.3d 520, 522 (5th Cir. 2001):

> A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ. <u>See</u> <u>Loza v. Apfel</u>, 219 F.3d 378, 394 (5th Cir.2000); <u>Latham v. Shalala</u>, 36 F.3d 482, 483 (5th Cir.1994); <u>Rodriguez v. Schweiker</u>, 640 F.2d 682, 686 (5th Cir.1981). In <u>Rodriguez</u> and its progeny, we have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability determination if they adequately explain the valid reasons for not doing so.

In <u>Chambliss</u>, the ALJ considered a VA determination of permanent and total disability, but he gave it diminished weight. His decision was affirmed because he gave specific reasons for affording the diminished weight. First, he noted that the VA determination was made only a year after heart surgery. Second, the ALJ found that the VA determination was conclusory and did not adequately explain why the claimant could not engage in light work activity. Finally, the ALJ discounted a treating physician's opinion that supported the VA decision because it had been given as part of a need-based application for food stamps. The Fifth Circuit affirmed, despite the ALJ not giving "great weight" to the VA disability determination, "[b]ecause the ALJ considered the VA disability determination and set forth valid reasons for giving the determination diminished weight." <u>Chambliss</u>, 269 F.3d at 523. <u>See</u> <u>also</u> <u>Barraza v. Barnhart</u>, 61 Fed. Appx. 917 (5th Cir. 2003) (ALJ declined to

adopt a VA rating of total disability because he found it was based on vocational rather than medical factors) and Vaught v. Astrue, 271 Fed. Appx. 452 (5th Cir. 2008) ("ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so.").

There is evidence that Plaintiff has obtained some form of disability benefits from the VA. There is no suggestion that the VA decision is even in the record of this case so that it could have been considered. In any event, there is no explanation of valid reasons for not giving great or some other level of weight to the VA decision. It appears the ALJ dismissed the VA decision out of hand without any consideration, on the grounds that it is not binding. Considering the Fifth Circuit precedent that is binding on this court, the undersigned finds that the lack of consideration is reversible error.

On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). Counsel is encouraged to provide the agency a copy of the relevant VA ruling(s) and bring to the attention of the ALJ any issues such as side effects of medication that Plaintiff deems important. The number of issues and items that might be considered in a social security case is almost endless, and an issue may be overlooked if it is not emphasized. If a claimant believes that certain evidence or argument is particularly

important, he should make every effort to bring it to the attention of the ALJ so that it may be fully and fairly addressed.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of October, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE